1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                               **DISTRICT OF NEVADA**
6
7   DEMETRIUS MCWHORTER,                    )    Case No. 2:11-CV-00892-JCM-CWH
                                            )
8                    Plaintiff,             )           **ORDER**
                                            )
9   COUNTRYWIDE HOME LOANS, INC.,           )
    *et al.*                                )
10                                          )
                                            )
11                   Defendants.            )
                                            )
12
13          Presently before the court is plaintiff Demetrius McWhorter's motion to remand and for
14   attorneys' fees.  (Doc. #15).  Defendants Countrywide Home Loans, Inc. ("Countrywide") and
15   The Bank of New York Mellon ("Mellon") have responded (doc. #17) and plaintiff has replied
16   (doc. #19).
17          Pursuant to 28 U.S.C. § 1446(b):
18              if [a] case stated by the initial pleading is not removable, a notice of removal
19              may be filed within thirty days after receipt by the defendant, through service
20              or otherwise, of a copy of an amended pleading, motion, order or other paper
21              from which it may first be ascertained that the case is one which is or has
22              become removable, except that a case may not be removed on the basis of
23              jurisdiction conferred by section 1332 of this title more than 1 year after
24              commencement of the action.
25    Here, the case was initially filed on September 25, 2009.  On June 2, 2011, as plaintiff in
26   intervention, Mellon petitioned to remove the action to federal court.  As a plaintiff, Mellon may
27   not seek to remove a case to federal court under 28 U.S.C. § 1446(b).  Moreover, even if Mellon
28   was able to remove, more than a year has passed since the commencement of the action and thus

1    28 U.S.C. § 1446(b) bars removal.

2           The court takes note of defendants' argument that McWhorter was aware of Mellon's

3    involvement in the present dispute from at least December 3, 2009, and thus should have added

4    Mellon as a defendant earlier in the case.  However, the court finds no merit to defendants'

5    arguments that McWhorter's failure to add Mellon as a defendant equitably tolls the one year bar

6    of 28 U.S.C. § 1446(b).  Mellon could have joined the litigation as a plaintiff in intervention and

7    forced McWhorter to amend the complaint to add it as a defendant.  By waiting nearly two years

8    to involve itself in the litigation, during which time the litigants engaged in mediation and

9    motion practice (including a motion for preliminary injunction, a motion to dismiss, and a

10   motion for summary judgment), Mellon has found itself barred by 28 U.S.C. § 1446(b).  The

11   record also discloses that counsel for Mellon has been involved in this litigation from the outset

12   and has represented Mellon's interests since at least  December 3, 2009,  the hearing date for the

13   preliminary injunction.

14          McWhorter seeks $5,000 in attorneys' fees pursuant to 28 U.S.C. § 1447.  The court finds

15   this amount excessive given the nature of the briefing involved in the present motion to remand.

16   McWhorter is awarded $500 in attorneys' fees.

17          Accordingly,

18          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

19   remand and for attorneys' fees (doc. #15) be, and the same hereby is, GRANTED pursuant to the

20   above.

21

22   DATED: August 26, 2011.

23

24

25   _____

26   UNITED STATES DISTRICT JUDGE

27

28